IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CRYSTAL G. COOK, et al.,

        Plaintiffs,

v.                                    CIVIL ACTION NO. 5:12-cv-06558

RALEIGH GENERAL HOSPITAL, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion of the United States to Dismiss Gina Jereza Harris, MD., from this Civil Action and to Substitute the United States as Defendant* (Document 3), the supporting memorandum (Document 4), *Defendant United States of America's Motion to Dismiss this Civil Action Against Defendant Gina Jereza Harris, M.D., and the United States of America Due to the Failure of the Plaintiff to Exhaust her Administrative Remedies under the Federal Tort Claims Act* (Document 5) and the supporting memorandum (Document 6). After careful review of Plaintiffs' Complaint (Document 1-1), the Court grants the motions.

*I.   BACKGROUND*

On September 18, 2012, Plaintiff filed suit against Gina Jereza Harris, M.D., and Raleigh General Hospital in the Circuit Court of Raleigh County, West Virginia. (Document 1-1 at 3). Plaintiff alleged that on April 1, 2010, she went into labor and was admitted to Raleigh General Hospital where Defendant Harris performed an emergency cesarean section on Plaintiff. (*Id.* at 4)

Plaintiff further alleged that her baby, Dawson Edward Elwood Kesner, died on April 1, 2010, approximately one hour and fifty minutes after being born. (*Id.*). Plaintiff "alleges and states that due to the negligence on behalf of Defendant Harris, her failure to treat the Plaintiff's decedent in accordance with the accepted standard of care, and her failure to perform a cesarean section earlier during her labor, her baby suffered cardiogenic shock, and later died on the day of his birth." (*Id.*). Plaintiff further alleges "as a result of the aforesaid negligence by the Defendants, that the Plaintiff suffered damages." (*Id.*). Therefore, "Plaintiff, Crystal G. Cook, Administratrix of the Estate of Dawson Edward Elwood Kesner, Deceased, demands judgment against the Defendants, Gina Jereza Harris, M.D., and Raleigh General Hospital in an amount adequate to compensate Plaintiff for the death of Dawson Edward Elwood Kesner, along with the cost of action and all interest allowed by law." (*Id.* at 5).

On October 12, 2012, the United States of America ("United States") removed the case, citing the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b), 2671-2680, as grounds for federal question jurisdiction (Document 1 at 2). Also on October 12, 2012, United States filed a Motion to Dismiss Gina Jereza Harris, M.D., from the civil action and to Substitute the United States as Defendant. (Document 3). On the same day, the United States filed its Motion to Dismiss (Document 5), wherein Defendant alleged that Plaintiff has failed to exhaust her administrative remedies under the Federal Tort Claims Act. Plaintiff did not respond. On December 10, 2012, the United States filed a Motion to Stay Proceedings until its Motion Seeking to Dismiss this Civil Action for Lack of Subject Matter Jurisdiction is Resolved by the Court. (Document 14).

## II.     STANDARD OF REVIEW

The threshold question for the Court to consider is whether it has federal subject matter jurisdiction in this case. "It is the duty of the Court to see to it that its jurisdiction is not exceeded; and this duty, when necessary, the Court should perform on its own motion." *Moffatt v. Spensky,* 2012 WL 3853322 at * 2 (S.D.W.Va. Sept. 5, 2012) (quoting *Spence v. Saunders*, 792 F.Supp. 480, 482 (S.D.W.Va.1992) (Faber, J.)). If subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the Plaintiff bears the plaintiff bears the burden of showing that federal jurisdiction is proper. *William v. Meridian Management Corporation*, 50 F.3d 299, 304 (4th Cir.1995) (citation omitted).

"[A] defendant may challenge subject matter jurisdiction in one of two ways." *Kerns v. U.S.,* 585 F.3d 187, 192 (4th Cir.2009) (citing *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). First, the defendant can contend "that the jurisdictional allegations of the complaint [are] not true." *Adams,* 697 F.2d at 1219. In that event, "'[a] trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations,' without converting the motion to a summary judgment proceeding." *Kerns,* 585 F.3d at 192 (quoting *Adams,* 697 F.2d at 1219). In the alternative, the defendant may argue – as the United States does here- "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams,* 697 F.2d at 1219. In that case, "all the facts alleged in the complaint are assumed to be true." (*Id.*). In essence, Plaintiff "is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." (*Id.*).

### III.   DISCUSSION

#### A.  Federal Tort Claims Act

"The Federal Tort Claims Act ("FTCA") is the exclusive remedy for persons asserting tort claims against federal employees acting within the scope of their employment." *Moffatt,* 2012 WL 3853322 at * 2 (citing 28 U.S.C. § 1346(b)). The FTCA provides in pertinent part that:

> The district courts…shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages…for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). In other words, the United States has waived its sovereign immunity under the FTCA to allow for actions for injuries caused by federal employees with some exceptions not relevant here. (*Id.*).

#### B.  Substitution of the United States of America as a Party

In its Notice of Removal, the United States submitted a declaration from a senior attorney, Meredith Torres, in the Office of the General Counsel for the Department of Health and Human Services ("DHHS"), in which she states that official agency records indicate that Defendant Harris was an employee of Community Health Systems, Inc., at all times relevant to Plaintiff's claim. (Document 1-1 at 7-8). The United States contends that "[a]t all times relevant to the complaint, Community Health Systems, Inc., and its employees, including Gina Jereza Harris, M.D., were 'deemed' employees of the United States for purposes of the Public Health Service ("PHS") Act, 42 U.S.C. § 233(h), as amended by the Federally Supported Health Centers Assistance Act of

1992, as amended in 1995." (Document 1 at 2). Ms. Torres, in her declaration, further stated that Community Health Systems, Inc., has been covered by FTCA malpractice coverage since July 1, 1996, without interruption. (*Id.* at 8). The United States also attached, as an exhibit, a letter from DHHS stating that section 224(a) of the PHS Act provides liability protection under the FTCA "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding." (Document 1-1 at 10).

The United States also submitted a certification that Defendant Harris was acting within the scope of her employment. (Document 3). Pursuant to Section 2679(d)(1) and (2):

> (1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.
>
> (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(1) & (2). The United States Attorneys are authorized to issue these certifications on behalf of the Attorney General. *Martinez v. DEA*, 111 F.3d 1148, 1152 (4th

5

Cir.1997) (citing 28 C.F.R. § 15.3(a)). In the instant case, R. Booth Goodwin II, the United States Attorney for the Southern District of West Virginia, has certified that "Community Health Systems, Inc., and its employee, Gina Jereza Harris, M.D., were acting in the scope of their employment with respect to the allegations set forth in the Complaint." (Document 1-1 at 23). The Attorney General or United States Attorney's classification that a defendant was acting within the scope of her federal employment is conclusive unless challenged. *Moffatt,* 2012 WL 3853322 at * 3 (citing *Martinez,* 111 F.3d at 1153-54). Plaintiff has not challenged the certification or even responded to the United States' motions. In light of the unchallenged certification, the Court finds that the United States' motion to dismiss Defendant Gina Jereza Harris, M.D., and to substitute the United States as the party defendant should be granted.

### C. *Subject Matter Jurisdiction*

The Court lacks subject matter jurisdiction in this case because Plaintiff has not exhausted her FTCA administrative remedies as required by 28 U.S.C. §§ 2671-2680. Pursuant to 28 U.S.C. § 2675(a), a Plaintiff must first pursue her administrative remedies before bringing a civil action against the United States. 28 U.S.C. § 2675(a) states in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). It is well-established that "[f]iling a timely administrative claim is jurisdictional and

cannot be waived." *Moffatt,* 2012 WL 3853322 at * 5 (citing *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir.1994)) (citing *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir.1986)). The Fourth Circuit has held that "dismissal is mandatory when a plaintiff fails to file a claim with the proper administrative agency." *Henderson,* 785 F.2d at 124.

Defendant argues that Plaintiff's complaint must be dismissed because Plaintiff has not exhausted her administrative remedies under the FTCA. (Document 6 at 4). Specifically, Defendant asserts that Plaintiff has not presented her claim to the appropriate Federal agency. (Document 5 at 1). Defendant contends that "the Department of Health and Human Services of the United States, the agency which would receive administrative tort claims under the FTCA for the type of clinic involved in this case, has searched its claims database and has not found an administrative tort claim presented by or on behalf of the plaintiff or involving Dawson Edward Elwood Kesner." (Document 6 at 2) (citing Document 1-1 at 7-8). Plaintiff has not provided evidence to the contrary. She has not even alleged that she complied with FTCA's administrative requirements or exhausted her administrative remedies under the FTCA. In fact, Plaintiff's complaint did not reference the FTCA at all, and she did not respond to the United States' motion to dismiss. Because Plaintiff has not exhausted her administrative remedies, she has failed to carry her burden of establishing subject matter jurisdiction. Therefore, Defendant's motion to dismiss for failure to exhaust administrative remedies should be granted.

### IV.     CONCLUSION

Wherefore, based on the findings herein, the Court does hereby **ORDER** that the *Motion of the United States to Dismiss Gina Jereza Harris, M.D., from this Civil Action and to Substitute the*

*United States as Defendant* (Document 3) be **GRANTED**, and that the *Defendant United States of America's Motion to Dismiss this Civil Action Against Defendant Gina Jereza Harris, M.D., and the United States of America Due to the Failure of the Plaintiff to Exhaust her Administrative Remedies under the Federal Tort Claims Act* (Document 5) be **GRANTED**. The Court **ORDERS** that Plaintiff's Complaint (Document 1-1) be **DISMISSED** as to Gina Jereza Harris, M.D., and the United States of America.

The Defendant United States of America's Motion to Stay Proceedings until its Motion Seeking to Dismiss this Civil Action for Lack of Subject Matter Jurisdiction is Resolved by the Court (Document 14) is now **MOOT** and should be **STRICKEN** from the record.

ENTER:    December 11, 2012

*(signature)*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA